**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4130**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEONARDO DARNELL ZANDERS, a/k/a Leo,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:09-cr-00359-GBL-1)

Submitted:  January 13, 2011      Decided:  February 4, 2011

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew W. Greene, MARTIN, ARIF & GREENE, PLC, Springfield, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Timothy D. Belevetz, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to conspiracy to commit bank fraud, Leonardo Darnell Zanders was sentenced to 200 months' imprisonment. In this appeal, Zanders raises three challenges to his sentence, all concerning the calculation of his sentencing guidelines range. We affirm.

This court reviews sentences under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within the appropriate guidelines range, this court applies a presumption on appeal that the sentence is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009).

Zanders first contends that the district court erred by applying a four-level increase in offense level pursuant to

2

U.S. Sentencing Guidelines Manual § 3B1.1(a) (2009). A four-level increase is provided under § 3B1.1(a) for a defendant who is an organizer or leader of an offense which involved five or more participants or was otherwise extensive. To qualify, the defendant must have been the organizer or leader of "one or more other participants." USSG § 3B1.1 cmt. (n.2). Factors to be considered include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 cmt. (n.4). The district court's determination that the defendant had a leadership role in the offense is a factual finding we review for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009), cert. denied, 130 S. Ct. 657 (2009).

In support of the § 3B1.1(a) enhancement, the Government submitted several documents showing that Zanders directed the activities of several co-conspirators. These documents included the Statements of Facts filed in support of and stipulated by two of Zanders' co-conspirators, summaries of interviews with co-conspirators, testimony of another co-conspirator who testified at Zanders' trial before Zanders ultimately pled guilty, documentation of airline tickets

3

purchased by Zanders for co-conspirators, and records of Western Union wire transfers between Zanders and Clyde Austin Gray, Jr., another individual also identified as a ringleader. Based on this evidence, we find that the district court did not clearly err by finding that Zanders was an organizer or leader of the conspiracy.

Next, Zanders argues that the district court erred by determining that he joined the conspiracy in February 2007. The total loss, including intended loss, associated with the bank fraud conspiracy in this case was $1,536,498.16. Pursuant to USSG § 2B1.1(b)(1)(I), the district court enhanced Zanders' offense level by sixteen levels based on losses of more than $1 million but less than $2.5 million. Zanders does not dispute the calculation of loss for the entire conspiracy. However, he contends that he joined the conspiracy in July 2007 and is not responsible for losses that occurred before then.

Zanders admitted he began making false identifications for Gray in February 2007 and that he knew Gray would use these false identifications for a criminal purpose. However, Zanders argues that he did not become involved in the actual conspiracy until July 2007 when he asserts he knew "exactly what was going on."

"[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in

4

the full range of its activities over the whole period of its existence." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). "[T]he evidence need only establish a slight connection between the defendant and the conspiracy" to establish that the defendant was involved in the conspiracy. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), cert. denied, 131 S. Ct. 271 and 131 S. Ct. 340 (2010). Notwithstanding Zanders' claim that he did not know the full scope of the conspiracy until July 2007, we find that the district court did not clearly err by finding that he joined the conspiracy in February 2007.

Finally, Zanders claims that the district court erred by applying a two-level enhancement under USSG § 2B1.1(b)(2)(A) for an offense involving ten or more victims. The presentence report identified ten financial institutions that sustained losses as a result of the conspiracy. Zanders disputes inclusion of two victim banks and losses at a third bank because the Government did not know the names of the uncharged co-conspirators who conducted some or all of the fraudulent transactions at these institutions and referred to these individuals by nicknames based on their appearance in bank surveillance photos.

Although the Government did not know the identity of these suspects, the Government linked them to the conspiracy

because they used counterfeit identifications in the names of victims whose identifying information was stolen by known members of the conspiracy. Moreover, images of these suspects from bank surveillance photographs matched photographs found pursuant to search warrants executed during the investigation. We conclude that the district court did not clearly err by finding that the unidentified individuals were linked to the conspiracy and that the losses suffered by the financial institutions from these individuals' actions resulted from the conspiracy. Furthermore, although Zanders claims that his relationship to these individuals is unknown, as previously stated, involvement in a conspiracy does not require knowledge of all members of that conspiracy, <u>Banks</u>, 10 F.3d at 1054.

For these reasons, we affirm Zanders' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6